**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1854
_____

SHAKUR C. GANNAWAY; KENNETH WIMBERLY; JOSHUA ROBINSON; ERIC
ARMS; SHAWN OMAR JACOBS; WILLIAM SMITH

SHAKUR C. GANNAWAY,
Appellant

v.

MR. GOURLEY, Facility Manager SCI-Camp Hill; LT. GILBERT, SCI-Camp Hill;
LT. SMOLKE, SCI-Camp Hill; MS. DEBORAH L. CARPENTER, SCI-Camp Hill;
MS. MIHAL, SCI-Camp Hill; MR. ZACHARY MOSLAK, SCI-Camp Hill;
MR. WILLIAM TRACI, Supervisor SCI-Camp Hill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:24-cv-02115)
Chief District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed February 9, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Shakur Gannaway appeals *pro se* and *in forma pauperis* from the District Court's order dismissing his civil suit for failure to state a claim and its subsequent decision to do so with prejudice after he failed to timely file an amended complaint. We will affirm the underlying dismissal, but we will vacate the judgment to the extent that dismissal was with prejudice, and we will remand the case to the District Court to decide in the first instance whether Gannaway has proffered sufficient cause for an extension of time to amend his pleadings.

Gannaway filed a putative class action "criminal complaint" in the United States District Court for the Middle District of Pennsylvania in December 2024.[1] On April 8, 2025, the court screened Gannaway's complaint under 28 U.S.C. § 1915A(a), identified certain fundamental deficiencies with his pleadings,[2] and dismissed the complaint without prejudice to enable him to cure them. The court permitted Gannaway to file an

---

[1] Gannaway filed his complaint on behalf of himself and five other Pennsylvania prisoners at State Correctional Institution Camp Hill. The District Court dismissed the other plaintiffs for failing to comply with the court's administrative order directing them to pay the filing fee or to submit applications for leave to proceed *in forma pauperis*.

[2] Gannaway alleged, *inter alia*, that he was denied parole after prison guards at SCI Camp Hill falsified a drug test and that prison officials interfered with his incoming and outgoing mail, but he provided insufficient details about when the relevant events occurred or who was responsible for the purported misconduct.

amended complaint within 21 days. Because he did not do so, the court converted its dismissal order into one with prejudice on April 30, 2025.

Two days before the District Court issued its final order, Gannaway mailed a handwritten letter to the court explaining that he had not received any correspondence or orders relating to his case, either directly from the court or forwarded from SCI Camp Hill, since his release to a halfway house on April 9. Gannaway speculated that the prison was still holding his legal mail. He noted that he had spoken with the Clerk's Office about the status of his case on April 12, 19, and 24, and he asked for "a chance to present [his] new evidence" of governmental interference with his receipt of mail from the court. *See* ECF Doc. 32. He also expressed his intent that the letter would serve as his notice of appeal from the April 8 dismissal order, which had been returned from the prison as undeliverable on April 28.

The Clerk's Office docketed Gannaway's letter as a notice of appeal from the April 8 order just over an hour after it had docketed the second dismissal order. Within 30 days of the entry of that April 30 order, Gannaway filed a document in this Court evincing, *inter alia*, his intent to appeal from it as well, which we construe as his second notice of appeal in this case. *See* 3d Cir. L.A.R. 3.4; *Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's dismissal of Gannaway's complaint for failure to state a claim under Section 1915A, accepting as true the complaint's factual allegations and drawing all

reasonable inferences in his favor. *See Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

The District Court did not err in dismissing Gannaway's complaint as insufficiently pled. Among the many deficiencies the court correctly addressed is his failure to specifically identify the prison officials who allegedly wronged him or when the events occurred. *See Dooley*, 957 F.3d at 374 ("[A] plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct.") (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The court granted him leave to amend, but he did not do so. That ordinarily would be the end of the matter; however, the court issued its final order dismissing the case with prejudice just over an hour before the Clerk's Office docketed Gannaway's letter, which he had mailed to the court before the April 29 deadline to amend lapsed.[3] Because the letter was docketed as a notice of appeal, the District Court had no opportunity to consider Gannaway's explanation of why he was unaware of what was happening in his case or to entertain his request to present evidence substantiating his claim that prison authorities were interfering with his mail.

Accordingly, we will affirm the dismissal of Gannaway's complaint for failure to state a claim. But given the unusual circumstances of this case, we will vacate the District Court's judgment to the extent it gave the dismissal prejudicial effect, and we

---

[3] The District Court's docket further confirms that its April 8 memorandum and dismissal order were returned from SCI Camp Hill as undeliverable within the three-week amendment window.

4

will remand this matter to the District Court for further proceedings.  This will permit the District Court to determine in the first instance on remand whether Gannaway has proffered sufficient cause for an extension of time to file an amended complaint.